**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURINDER MOHAN SINGH; HARDEEP SINGH, | No. 07-74015 |
| Petitioners, | Agency Nos. A079-250-397 A079-250-398 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Surinder Mohan Singh ("Singh"), and Hardeep Singh, natives and citizens of

India, petition for review of the Board of Immigration Appeals' order affirming an

immigration judge's ("IJ") decision denying petitioners' application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and we deny the petition for review.

The agency found Singh not credible based upon, inter alia, the inconsistency between Singh's testimony before the asylum officer, and Singh's testimony before the IJ, regarding whether he had provided financial support to a terrorist organization in India. The agency also found Singh not credible based upon his submission of two fabricated medical reports.

Substantial evidence supports the agency's credibility determination because the inconsistency regarding financial support goes to the heart of Singh's claim, *see Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and Singh failed to provide a compelling explanation for the testimony he provided to the asylum officer. Substantial evidence further supports the agency's finding that the medical documents were fraudulent. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004) (submission of fraudulent documents going to the heart of the claim may justify an adverse credibility finding). In the absence of credible evidence, Singh has failed to show eligibility for asylum or withholding of removal. *See Farah*, 348 F.3d at 1156-57 (9th Cir. 2003).

Because Singh's CAT claim is based on the same evidence the IJ found not credible, and no other evidence in the record compels a finding that it is more likely than not he would be tortured if returned to India, his CAT claim also fails. *See id.*

**PETITION FOR REVIEW DENIED.**